1  PAUL J. COUCHOT – State Bar No. 131934
   pcouchot@winthropcouchot.com
2  PETER W. LIANIDES -- State Bar No. 160517
   plianides@winthropcouchot.com
3  PAYAM KHODADADI – State Bar No. 239906
   pkhodadadi@winthropcouchot.com
4  **WINTHROP COUCHOT**
   **PROFESSIONAL CORPORATION**
5  660 Newport Center Drive, Fourth Floor
   Newport Beach, CA 92660
6  Telephone: (949) 720-4100
   Facsimile: (949) 720-4111
7

8  [Proposed] General Insolvency Counsel for
   Debtors and Debtors-in-Possession
9

10                UNITED STATES BANKRUPTCY COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                      SANTA ANA DIVISION

13

| In re: | Case No. 8:11-bk-15058 SC |
|---|---|
| ☐ COMPOSITE TECHNOLOGY CORPORATION, a Nevada corporation, | Jointly Administered with Case Nos. 8:11-bk-15059 SC and 8:11-bk-15065 SC and 8:11-bk-15130-SC<br>Chapter 11 Proceedings |
| ☐ CTC CABLE CORPORATION, a Nevada corporation, | **DEBTORS' <u>EX PARTE</u> MOTION FOR ORDER SHORTENING TIME FOR HEARING ON DEBTORS' OMNIBUS MOTION AND OMNIBUS MOTION FOR ORDER AUTHORIZING CTC TO ENTER INTO INSURANCE PREMIUM FINANCE AGREEMENT AND TO GRANT SECURITY INTEREST IN UNEARNED PREMIUMS; DECLARATION OF BENTON H. WILCOXON IN SUPPORT THEREOF** |
| ☐ STRIBOG INC., a Nevada corporation, | |
| ☐ CTC RENEWABLES CORPORATION, a Nevada corporation, | |
| ☒ All Debtors. | |
| Debtors and Debtors-in-Possession. | [FRBP 9006; LBR 9075-1]<br>[No Hearing Set] |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, CREDITORS AND PARTIES IN INTEREST:**

Pursuant to the provisions of Rule 9006 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9075-1(1), Composite Technology Corporation, a Nevada corporation ("CTC"), CTC Cable Corporation, a Nevada corporation, Stribog, Inc., a Nevada corporation and CTC Renewables Corporation, a Nevada corporation, the jointly administered debtors and debtors-in-possession in the above Chapter 11 proceedings (the "Debtors"), hereby move, on an ex parte basis (the "Ex Parte Motion"), for an order shortening time for service of notice and hearing on Debtor's Omnibus Motion Authorizing CTC to Enter into Insurance Premium Finance Agreement and to Grant Security Interest in Unearned Premiums pursuant to Section 364(c)(2) of the Bankruptcy Code ("Financing Motion"), to be heard on or before May 24, 2011.

A copy of the Financing Motion has been served upon (i) the Office of the United States Trustee, (ii) counsel to the Debtors' secured creditors, (iii) counsel to the Committee of Creditors Holding Unsecured Claims, and (iv) upon parties who have requested special notice in these cases. **Counsel to the Committee of Creditors Holding Unsecured Claims has informed the Debtor's counsel that the Committee does not object to the Financing Motion.**

The Ex Parte Motion is based upon these moving papers, the Memorandum of Points and Authorities and the Declaration of Benton H. Wilcoxon Declaration attached hereto, the pleadings and documents filed in this case, and the arguments and representations of counsel presented at the time of the hearing thereon, if any.

**WHEREFORE,** the Debtors pray that this Court enter its order setting the Financing Motion for hearing on or prior to May 24, 2011.

DATED: May 17, 2011

                                **WINTHROP COUCHOT PROFESSIONAL CORPORATION**

                                By: _/s/ Paul J. Couchot_
                                    Paul J. Couchot
                                    Peter W. Lianides
                                    Payam Khodadadi
                                    [Proposed] General Insolvency Counsel
                                    for Debtors and Debtors-in-Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## THE NEED FOR RELIEF ON SHORTENED TIME

In the ordinary course of the Debtors' business, the Debtors must maintain directors and officers insurance policies (the "D&O Policies"), which provide essential insurance coverage to the Debtors' directors and officers. In particular, the D&O Policies are essential because such Policies provide coverage, among other things, to the Debtors' directors and officers against losses arising from claims against such persons for alleged wrongful acts while acting in such capacity. The D&O Policies expired on May 15, 2011 and the Debtors must promptly obtain financing for the premium for the renewal of the D&O Policies to protect the Debtors' directors and officers who are heavily involved in the Debtors' bankruptcy cases and whose services are essential for the Debtors' successful reorganization.

In the ordinary course of the Debtors' business, the Debtors must also maintain in-house / corporate counsel errors and omissions insurance policy (the "E&O Policy" and together with the D&O Policies, the "Policies"). The E&O Policy provides essential insurance coverage to the Debtors' in-house counsel / corporate counsel. In particular, the E&O Policy is essential to the Debtors because it provides coverage to the Debtors' in-house / corporate counsel against losses and defense costs arising from claims against such persons for alleged wrongful acts while acting in such capacity. The E&O Policy expired on May 8, 2011 and the Debtors must promptly obtain financing for the premium for the renewal of such policy for reasons similar for the need of the D&O Policies.

The Debtors have made renewal demands with respect to the D&O Policy and the E&O Policy and have made down-payments for the renewal of such Policies in the ordinary course of business. The Debtors, however, do not have sufficient cash-flow to make full policy premium payments. Accordingly, CTC (the named insured) intends to finance the premiums for such Policies by entering into that (i) certain Commercial Premium Finance Agreement and Disclosure Statement ("D&O Insurance Financing Agreement") to finance the premium of the D&O Policies and (ii) that certain Commercial Premium Finance Agreement and Disclosure Statement ("E&O

Insurance Financing Agreement", and together with the D&O Financing Agreement, the "Agreements") to finance the premium of the E&O Policy. A true and correct copy of the D&O Insurance Financing Agreement is attached as Exhibit "1" to the Declaration of Benton H. Wilcoxon (the "Wilcoxon Declaration") filed in support of the Financing Motion and a true and correct copy of the E&O Insurance Financing Agreement is attached as Exhibit "2" to the Wilcoxon Declaration filed in support of the Financing Motion.

## II.
## GOOD CAUSE EXISTS TO GRANT THIS MOTION

Rule 9006(c) of the Federal Rules of Bankruptcy Procedure provides in relevant part:

> (1) Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified period of time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

Fed. R. Bankr. Proc. 9006; see also Local Bankr. Rule 9075-1(b).

The Debtors believe and hereby respectfully represent that good cause exists, under the circumstances here, for this Court's approval of the Financing Motion on shortened time. As discussed above, the Debtors do not have sufficient cash to purchase adequate insurance coverage and maintain appropriate working capital, and therefore intends to finance the purchase of the Policies. Also, time is of the essence because the Debtors must maintain the Policies to protect the Debtors' directors and officers and the Debtors' in-house / corporate counsel. In light of the foregoing, the Debtors believe that good cause exists for the Court to enter the relief requested herein on shortened time.

///

///

///

# III.

# CONCLUSION

The Debtors respectfully request that the Court grant this Ex Parte Motion and set the Financing Motion for hearing on or prior to May 24, 2011. .

DATED: May 17, 2011

**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**


By:  */s/ Paul J. Couchot*
     Paul J. Couchot
     Peter W. Lianides
     Payam Khodadadi
[Proposed] General Insolvency Counsel
for Debtors and Debtors-in-Possession

# DECLARATION OF BENTON WILCOXON

I, Benton Wilcoxon, hereby declare and state as follows:

1. I am over the age of eighteen years, and I am authorized to make this declaration on behalf Composite Technology Corporation, a Nevada corporation ("CTC"), CTC Cable Corporation, a Nevada corporation, Stribog, Inc., a Nevada corporation and CTC Renewables Corporation, a Nevada corporation, the jointly administered debtors and debtors-in-possession in the above Chapter 11 proceedings (the "Debtors").

2. The facts stated herein are within my personal knowledge, except where otherwise indicated.

3. I am the Chief Executive Officer of CTC. I have served in this position since November 3, 2001. I also serve on CTC's board of directors.

4. In the ordinary course of the Debtors' business, the Debtors must maintain directors and officers insurance policies (the "D&O Policies"), which provide essential insurance coverage to the Debtors' directors and officers. In particular, the D&O Policies are essential because such Policies provide coverage, among other things, to the Debtors' directors and officers against losses arising from claims against such persons for alleged wrongful acts while acting in such capacity. The D&O Policies expired on May 15, 2011 and the Debtors must promptly obtain financing for the premium for the renewal of the D&O Policies to protect the Debtors' directors and officers who are heavily involved in the Debtors' bankruptcy cases and whose services are essential for the Debtors' successful reorganization.

5. In the ordinary course of the Debtors' business, the Debtors must also maintain in-house / corporate counsel errors and omissions insurance policy (the "E&O Policy" and together with the D&O Policies, the "Policies"). The E&O Policy provides essential insurance coverage to the Debtors' in-house counsel / corporate counsel. In particular, the E&O Policy is essential to the Debtors because it provides coverage to the Debtors' in-house / corporate counsel against losses and defense costs arising from claims against such persons for alleged wrongful acts while acting in such capacity. The E&O Policy expired on May 8, 2011 and the Debtors must promptly obtain

financing for the premium for the renewal of such policy for reasons similar for the need of the D&O Policies.

6. The Debtors have made renewal demands with respect to the D&O Policy and the E&O Policy and have made down-payments for the renewal of such Policies in the ordinary course of business. The Debtors, however, do not have sufficient cash-flow to make full policy premium payments. Accordingly, CTC (the named insured) intends to finance the premiums for such Policies by entering into that (i) certain Commercial Premium Finance Agreement and Disclosure Statement ("D&O Insurance Financing Agreement") to finance the premium of the D&O Policies and (ii) that certain Commercial Premium Finance Agreement and Disclosure Statement ("E&O Insurance Financing Agreement", and together with the D&O Financing Agreement, the "Agreements") to finance the premium of the E&O Policy. A true and correct copy of the D&O Insurance Financing Agreement is attached as Exhibit "1" my declaration filed in support Debtor's Omnibus Motion Authorizing CTC to Enter into Insurance Premium Finance Agreement and to Grant Security Interest in Unearned Premiums pursuant to Section 364(c)(2) of the Bankruptcy Code (the "Financing Motion") and a true and correct copy of the E&O Insurance Financing Agreement is attached as Exhibit "2" to my declaration filed in support of the Financing Motion.

I declare that the foregoing is true and correct under the penalty of perjury.

Executed this 17th day of May 2011, in Orange County, California.

_____
Benton Wilcoxon

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: DEBTOR'S EX PARTE MOTION FOR ORDER SHORTENING TIME FOR HEARING ON DEBTORS' OMNIBUS MOTION AND OMNIBUS MOTION FOR ORDER AUTHORIZING CTC TO ENTER INTO INSURANCE PREMIUM FINANCE AGREEMENT AND TO GRANT SECURITY INTEREST IN UNEARNED PREMIUMS; DECLARATION OF BENTON H. WILCOXON IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 17, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, 2011 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 17, 2011 | Susan Connor | _____ |
|---|---|---|
| Date | Type Name | Signature |

NEF SERVICE LIST
- Brett A Axelrod    baxelrod@foxrothschild.com
- Paul J Couchot    pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Robbin L Itkin    ritkin@steptoe.com
- Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
- Sean A Okeefe    sokeefe@okeefelc.com
- John H Pentecost    jpentecost@hkclaw.com
- Katherine C Piper    kpiper@steptoe.com
- Leo D Plotkin    lplotkin@lsl-la.com, dsmall@lsl-la.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov