1   PAUL J. COUCHOT -- State Bar No. 131934
    pcouchot@winthropcouchot.com
2   GARRICK A. HOLLANDER -- State Bar No. 166316
    ghollander@winthropcouchot.com
3   **WINTHROP COUCHOT**
    **PROFESSIONAL CORPORATION**
4   660 Newport Center Drive, Fourth Floor
    Newport Beach, CA 92660
5   Telephone: (949) 720-4100
    Facsimile: (949) 720-4111
6
7   General Insolvency Counsel for
    Debtors and Debtors-in-Possession
8

FILED & ENTERED

JUL 06 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY nbolte     DEPUTY CLERK

9

10              **UNITED STATES BANKRUPTCY COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12              **SANTA ANA DIVISION**

13

| | |
|---|---|
| 14   In re: | Case No. 8:11-bk-15058 SC |
| 15   ☐ COMPOSITE TECHNOLOGY | Jointly Administered with Case Nos. |
| 16   CORPORATION, a Nevada corporation, | 8:11-bk-15059 SC and 8:11-bk-15065 SC and 8:11-bk-15130-SC |
| 17   ☐ CTC CABLE CORPORATION, a Nevada corporation, | Chapter 11 Proceedings |
| 18 | |
| 19   ☐ STRIBOG INC., a Nevada corporation, | **ORDER APPROVING SALE PROCEDURES AND BREAK-UP FEE IN** |
| 20   ☐ CTC RENEWABLES CORPORATION, a Nevada corporation, | **CONNECTION WITH ANY PROPOSED SALE OF SUBSTANTIALLY ALL ASSETS OF THE ESTATES** |
| 21 | |
| 22   ☒ All Debtors. | DATE:       June 30, 2011 |
| 23          Debtors and | TIME:       10:00 a.m. |
| 24          Debtors-in-Possession. | PLACE:     Courtroom 5C |

25

26

27

28

Order#55849#5b346db8-f03a-4438-ac2b-779b3a801e69

The Court having read and considered the Debtors' Motion for Order Approving Sale Procedures and Break-Up Fee in Connection with Any Proposed Sale of Substantially All Assets of the Estate ("Sale Procedures Motion") and the declaration in support thereof; noting that the Official Committee of Creditors Holding Unsecured Claims ("Committee") supports the Sale Procedures Motion; finding that the sale procedures are fair and reasonable; and good and sufficient cause appearing, it is hereby

**ORDERED** that:

1. The Debtors' Sale Procedures Motion is granted.

2. The following sales procedures and break-up fee are approved and shall govern the sale of substantially all assets of the estate ("Sale Procedures"):

A. <u>Assets to Be Sold</u>. The Assets[1] generally constitute all of the Debtors' operating assets, including patents. The Debtors are offering to sell the Assets, together or piecemeal, to one or more bidders. The Debtors shall consider bids for either all or part of the Assets.

B. <u>Participation Requirements</u>: In order to participate in the bidding process or otherwise be considered for any purpose hereunder, a person interested in some or all of the Assets (a "<u>Potential Bidder</u>") must first deliver the following materials to the Debtors and their counsel and professionals, to be shared with counsel for each of the Committee of Unsecured Creditors for the Estate of CTC Cable Corporation ("Committee") and PFG, both of whom shall keep such information confidential on a "professional-eyes only" basis:

1. an executed confidentiality agreement in form and substance satisfactory to the Debtors and their counsel; and

2. the most current audited and latest unaudited financial statements (collectively, the "<u>Financials</u>") of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of a sale transaction, (a) Financials of the equity holder(s) of the Potential Bidder or such other form of financial disclosure as is acceptable to the Debtors that demonstrates the Potential Bidder's financial ability to consummate a competing sale transaction and (b) a written commitment acceptable to the Debtors of the equity holder(s) of the Potential Bidder to be responsible for the Potential Bidder's obligations in connection with a sale transaction (including being bound by the terms and conditions of the Sale Procedures); <u>provided</u> that if a Potential Bidder is unable to provide Financials, the Debtors may accept such other information sufficient to demonstrate to the

---

[1] Capitalized terms not defined in this order shall have the meaning as set forth in the Sale Procedures Motion.

Order#55849#5b346db8-f03a-4438-ac2b-779b3a801e69

Debtors' reasonable satisfaction that such Potential Bidder has the financial wherewithal to consummate a sale transaction. A person meeting the requirements set forth in this paragraph shall be considered a "<u>Qualified Bidder</u>."

C.    <u>Qualified Bid</u>. The Debtors, after consultation with the Committee and PFG, shall determine whether a bid qualifies as a "<u>Qualified Bid</u>." To constitute a Qualified Bid, a bid must be a written irrevocable offer from a Qualified Bidder and:

1.    include a cover letter identifying whether the Qualified Bidder is interested in purchasing some or all of the Assets. If the Qualified Bidder is submitting a bid only with respect to certain assets, such cover letter must identify which assets the Qualified Bidder is seeking to purchase and whether such bid is contingent on purchasing all of the identified assets;

2.    state that the Qualified Bidder offers to consummate the sale pursuant to an asset purchase agreement in substantially similar form to the asset purchase agreement that will be filed with the sale motion, which will either be the form provided by the Qualified Bidder who submits the highest or otherwise best bid on or before July 11, 2011 that is identified as the stalking horse bidder (the "Stalking Horse"), or if no such Stalking Horse bidder is identified, a form provided by the Debtors ("APA"). If any bid is conditioned on the assumption and assignment of executory contracts and/or unexpired leases, then such potential bidder shall be required to provide evidence of its ability to provide adequate assurance of future performance of such contracts or leases along with the bid;

3.    shall provide for a closing of the sale transaction by no later than August 15, 2011, or such other date that is determined by the Debtors;

4.    contain a list of the Debtors' executory contracts and unexpired leases with respect to which the bidder seeks assignment from the Debtors;

5.    be accompanied with admissible evidence in the form of affidavits or declarations establishing the Qualified Bidder's good faith, within the meaning of Section 363(m) of the Bankruptcy Code;

6.    confirm that the offer shall remain open and irrevocable as provided below;

7.    enclose a clean signed copy of an asset purchase agreement and a copy redlined from the APA;

8.    be accompanied with a certified or bank check or wire transfer in an amount equal to ten percent (10%) of the proposed purchase price set forth in the bid as a minimum good faith deposit (the "<u>Minimum Deposit</u>"), which Minimum Deposit shall be used to fund a portion of the purchase price provided for in the bid;

9.    be "as is, where is," and not be conditioned on obtaining financing or the outcome of any due diligence by the Qualified Bidder;

Order#55849#5b346db8-f03a-4438-ac2b-779b3a801e69

10.    not request or entitle the Qualified Bidder to any break-up fee, expense reimbursement or similar type of payment; and

11.    fully disclose the identity of each entity that will be bidding for the Assets or otherwise participating in connection with such bid, and the complete terms of any such participation.

D.    <u>Bid Deadline and Submission</u>:  In order to be considered for the opportunity to be the Stalking Horse bidder in time for the filing of the Sale Motion, Qualified Bids must be received by no later than 4:00 p.m. (prevailing Pacific Time) on July 11, 2011 (the "Stalking Horse Bid Deadline").  Alternatively, all other Qualified Bids must be received no later than 12:00 noon (prevailing Pacific time) on August 2, 2011 (the "<u>Bid Deadline</u>") by: (i) counsel to the Debtors, Winthrop Couchot Professional Corporation, Attn:  Garrick A. Hollander, Esq., 660 Newport Center Drive, Newport Beach, CA 92660, e-mail:  ghollander@winthropcouchot.com; (ii) counsel to PFG, Levy, Small & Lallas, Attn:  Leo Plotkin, Esq., 815 Moraga Drive, Los Angeles, CA 90049, email:  lplotkin@lsl-1a.com; and (iii) counsel to the Committee, Steptoe & Johnson, LLP, Attn:  Robbin L. Itkin, Esq. and Katherine Piper, Esq., 2121 Avenue of the Stars, Suite 2800, Los Angeles, CA 90067, e-mail:  ritkin@steptoe.com and kpiper@steptoe.com (collectively, the "<u>Noticed Parties</u>").  Not later than 4:00 p.m. (prevailing Pacific Time) on August 2, 2011, the Debtors, in consultation with the Committee and PFG, will notify all Qualified Bidders that they have qualified.

E.    <u>Auction</u>.  If one or more Qualified Bids by a Qualified Bidder other than PFG is received by the Bid Deadline, an auction (the "<u>Auction</u>") with respect to a sale of the Assets shall take place on August 4, 2011 at 10:00 a.m. (prevailing Pacific time) in Courtroom 5C of the United States Bankruptcy Court, located at 411 West Fourth Street, Santa Ana, California 92701.  If, however, no such Qualified Bids are received by the Bid Deadline, then the Auction will not be held.

F.    <u>Auction Rules</u>.

1.    Only Qualified Bidders who have submitted a Qualified Bid and their authorized representatives will be eligible to attend and participate and bid at the Auction.  The bidding at the Auction shall start at the highest or otherwise best bid received on or before the Bid Deadline (the "<u>Starting Qualified Bid</u>"), and then continue in minimum increments to be announced at the Auction (the "<u>Overbid Increment</u>").  PFG shall be deemed a Qualified Bidder only if an Auction is held and solely to the extent of its credit bid rights under 11 U.S.C. §363(k), provided, however, that all of PFG's credit bid rights shall be deemed waived at such time as a Qualified Bid is received that equals or exceeds $11 million.  The Debtors shall not consider any subsequent bid in the Auction unless any bid after the Starting Qualified Bid exceeds the previous highest bid by at least the Overbid Increment; provided, however, that in the event the

Order#55849#5b346db8-f03a-4438-ac2b-779b3a801c69

Debtors select a combination of Qualified Bids, after consultation with the Committee and PFG, to serve as the Starting Qualified Bid, the Debtors reserve the right to determine an appropriate Overbid Increment for each asset or lot of assets to be sold at the Auction. During the course of the Auction, the Debtors shall inform each participant which Qualified Bid(s) reflects, in the Debtors' view, the highest or otherwise best offer or combination of offers for the Assets.

2.    Adjournment of Auction.  The Auction may be adjourned as the Debtors deem appropriate.  Reasonable notice of such adjournment and the time and place for the resumption of the Auction shall be given to counsel for PFG and the Committee, and all Qualified Bidders that have submitted a Qualified Bid.

3.    Section 363(n) Confirmation.  Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale.

G.    Other Terms.  All Qualified Bids, the Auction, and the Sale Procedures are subject to such additional terms and conditions as are announced by the Debtors, after consultation with PFG and the Committee, that are not inconsistent with the Sale Procedures Order.  At the conclusion of the Auction, the Debtors shall announce the bid or combination of bids made pursuant to the Sale Procedures Order that represents, in the Debtors' discretion, after consultation with PFG and the Committee, the highest or otherwise best offer for all of the Assets (the "Successful Bid").  Prior to the hearing on the sale of the Assets ("Sale Hearing"), the Debtors shall announce the identity of the Qualified Bidder or combination of Qualified Bidders who submitted the Successful Bids at the Auction (the "Successful Bidder").  If an Auction is held, the Debtors shall be deemed to have accepted a Qualified Bid only when (i) such bid is declared the Successful Bid at the Auction, (ii) definitive documentation has been executed in respect thereof, and (iii) the Court has approved the sale to the Successful Bidder.  Such acceptance by the Debtors is conditioned upon approval by the Court of the Successful Bid and the entry of an order approving such Successful Bid.

H.    Irrevocability of Certain Bids.  The Successful Bid shall remain irrevocable in accordance with the terms of the purchase agreement executed by the Successful Bidder.  The bid of the Qualified Bidder or combination of Qualified Bidders (the "Back-Up Bidder") that submits the next highest or otherwise best bid or combination of bids (the "Back-Up Bid") shall be irrevocable until the earlier of:  (i) closing of the sale to the Successful Bidder or the Back-Up Bidder; and (ii) such date as the Debtors affirm in writing that the Debtors do not intend to proceed with a sale to the Successful Bidder.

I.   Sale Hearing.  The Court shall conduct the Sale Hearing on August 4, 2011, at approximately 10:00 a.m., immediately after the conclusion of the Auction.

J.   Return of Deposit.  Except as otherwise provided in this paragraph with respect to any Successful Bid and any Back-Up Bid, the Minimum Deposits of all Qualified Bidders that submitted such a deposit under the Sale Procedures shall be returned upon or within five (5) business days after the conclusion of the Auction.  The Minimum Deposit of the Successful Bidder shall be held until the closing of the sale of the Assets and applied in accordance with the Successful Bid.  The Minimum Deposit of the Back-Up Bidder shall be returned upon or within five (5) business days after the closing of the sale of the Assets to the Successful Bidder.

K.   Failure to Close.  If, following the entry of the Sale Order, the Successful Bidder fails to consummate the sale because of a breach or failure to perform on the part of the Successful Bidder, the Back-Up Bid will be deemed to be the new Successful Bid, and the Debtors will be authorized, but not required, to consummate the sale with the Back-Up Bidder without further order of the Court.  In such case, the defaulting Successful Bidder's Minimum Deposit shall be forfeited to the Debtors and the Debtors shall have the right to seek any and all other remedies and damages from the defaulting Successful Bidder.

L.   Reservation of Rights.  Except as otherwise provided in the Sale Procedures Order, the Debtors reserve the right as they may reasonably determine to be in the best interests of their estates, subject to conformity with the Sale Procedures after consultation with PFG and the Committee, to:  (i) determine which bidders are Qualified Bidders; (ii) determine which bids are Qualified Bids; (iii) determine which Qualified Bid or combination of Qualified Bids is the highest and best proposal and which is the next highest and best proposal; (iv) reject any bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Sale Procedures or the requirements of the Bankruptcy Code or (c) contrary to the best interests of the Debtors and their estates; (v) waive terms and conditions set forth herein with respect to all potential bidders; (vi) impose additional terms and conditions with respect to all potential bidders; (vii) extend the deadlines set forth herein; (viii) adjourn the Auction and/or Sale Hearing in open court without further notice; and (ix) modify the Sale Procedures, as the Debtors may determine to be in the best interests of their estates.

M.   Expenses.  Any bidders presenting bids shall bear their own expenses in connection with the proposed sale, whether or not such sale is ultimately approved, in accordance with the terms of the purchase agreement

N.   Break-up Fee.  The Debtors, after consultation with PFG and the Committee, may select the Qualified Bidder that submits its Qualified Bid by the Stalking Horse Bid Deadline as the Stalking Horse bidder for the

Order#55849#5b346db8-f03a-4438-ac2b-779b3a801e69

Auction, in which case such selected Stalking Horse bidder shall be entitled to a break-up fee ("Break-Up Fee") in an amount to be determined by the Debtors, PFG and the Committee, and after notice to the Court, based on the cash consideration included in such bid, but which amount shall not exceed three percent (3%) of the cash consideration included in the stalking horse bid.

O.    Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases.

    1.    The Debtors shall file with the Court and serve a notice with respect to the potential assumption and assignment of certain executory contracts and unexpired leases (the "Assigned Agreements"), including the related cure amounts (the "Cure Amounts") to be paid in connection therewith (each an "Assumption and Assignment Notice"), on all counterparties to such agreements (the "Contract Parties") concurrent with and/or as part of the filing of the Sale Motion. Each Contract Party shall have until July 21, 2011 (the "Assignment Objection Deadline") to object to the assumption and assignment of the Assigned Agreement including, without limitation, objecting to the Cure Amounts and/or adequate assurance of future performance. All objections shall (a) be in writing; (b) as applicable, state with specificity (i) the cure amount that the Contract Party believes is required, and/or (ii) the adequate assurance of future performance that the Contract Party believes is required; (c) comply with the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Central District of California; (d) be filed with the Clerk of the United States Bankruptcy Court for the Central District of California, 411 West Fourth Street, Santa Ana, CA 92701; and (e) be served so as to be received by the Assignment Objection Deadline by the Noticed Parties; provided, however, that in the event that there is no Stalking Horse bidder identified in the Sale Motion, the deadline for objecting based upon adequate assurance of future performance only shall be the commencement of the Sale Hearing.

    2.    Unless an objection to the assignment of an Assigned Agreement is timely filed and served as set forth above, all Contract Parties to each proposed Assigned Agreement shall (a) be forever barred from objecting to the proposed Cure Amounts and from asserting any additional cure or other amounts with respect to each Assigned Agreement, and the Debtors and the Successful Bidder or Back-up Bidder, as applicable, shall be entitled to rely solely upon the proposed Cure Amounts set forth in the Assumption and Assignment Notices; (b) be deemed to have consented to the assumption and assignment; and (c) be forever barred and estopped from asserting or claiming against the Debtors, Successful Bidder or Back-up Bidder, as applicable, (i) that any additional amounts are due or other defaults exist, (ii) that any conditions to assignment must be satisfied under such Assigned Agreement, or (iii) that there is any objection or

Order#55849#5b346db8-f03a-4438-ac2b-779b3a801e69

defense to the assumption and assignment of such Assigned Agreement.

3. Any objection to the proposed Cure Amounts (a "Disputed Cure Amount") which is timely filed and served by any Contract Party in accordance with the Assumption and Assignment Notice and which is not otherwise resolved by the parties, will be heard at the Sale Hearing. Pending a ruling on such objection, if a ruling is not made at the Sale Hearing, the amount necessary to satisfy the Disputed Cure Amount will be reserved and paid upon a final Court order determining the correct cure amount and will be paid as provided in the APA, to the extent the Assigned Agreement ultimately is assumed and assigned to the Successful Bidder or Back-Up Bidder. All other objections to the proposed assumption and assignment of an Assigned Agreement will be heard at the Sale Hearing.

4. For the avoidance of doubt, no Assigned Agreement will be assumed and assigned to the Successful Bidder or Back-up Bidder, as applicable, until such time as the Sale Order has been entered and the sale has been consummated and closed. The Debtors reserve the right to remove any Assigned Agreement from any proposed asset sale.

###

DATED: July 6, 2011

_____
United States Bankruptcy Judge

-8-

Order#55849#5b346db8-f03a-4438-ac2b-779b3a801c69

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: **ORDER APPROVING SALE PROCEDURES AND BREAK-UP FEE IN CONNECTION WITH ANY PROPOSED SALE OF SUBSTANTIALLY ALL ASSETS OF THE ESTATES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:** On _____, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 1, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

- Michael J Hauser    michael.hauser@usdoj.gov
- Katherine C Piper    kpiper@steptoe.com
- Leo D Plotkin    lplotkin@lsl-la.com, dsmall@lsl-la.com

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 1, 2011 | Gretchen Crumpacker | /s/ Gretchen Crumpacker |
|---|---|---|
| Date | Type Name | Signature |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*):  **ORDER APPROVING SALE PROCEDURES AND BREAK-UP FEE IN CONNECTION WITH ANY PROPOSED SALE OF SUBSTANTIALLY ALL ASSETS OF THE ESTATES** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of July 5, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Brett A Axelrod      baxelrod@foxrothschild.com
Paul J Couchot      pcouchot@winthropcouchot.com,
pj@winthropcouchot.com;sconnor@winthropcouchot.com
John R Gotaskie      jgotaskie@foxrothschild.com
Michael J Hauser      michael.hauser@usdoj.gov
Garrick A Hollander      ghollander@winthropcouchot.com,
sconnor@winthropcouchot.com;pj@winthropcouchot.com
Robbin L Itkin      ritkin@steptoe.com
Payam Khodadadi      pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
Sean A Okeefe      sokeefe@okeefelc.com
John H Pentecost      jpentecost@hkclaw.com
Katherine C Piper      kpiper@steptoe.com
Leo D Plotkin      lplotkin@lsl-la.com, dsmall@lsl-la.com
United States Trustee (SA)      ustpregion16.sa.ecf@usdoj.gov

☐      Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Composite Technology Corporation
2026 McGaw Ave.
Irvine, CA 92614

☐      Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

Debtor:  Benton Wilcoxon – Bwilcoxon@compositetechcorp.com

☐      Service information continued on attached page

Order#55849#5b346db8-f03a-4438-ac2b-779b3a801c69